IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Willie James Poole, | ) | |
| | ) | C/A No. 5:15-5104-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner Willie James Poole's ("Poole") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On November 10, 2016, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") recommending Respondent's motion for summary judgment (ECF No. 17) be granted and the petition denied. (ECF No. 28). On December 2, 2016, Poole timely filed objections to the Report (ECF No. 30), and on December 13, 2016, Respondent filed a response to Poole's objections (ECF No. 32).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need

not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

The Magistrate Judge sets forth the background and procedural history detail in her Report (Report at 1-8), and Poole does not object to that portion of the Report. Accordingly, the court adopts these sections of the Report, and adds the following brief rendition of the underlying offense. On January 8, 2009, Poole was involved in an armed robbery of the property manager at Dixie Estates Apartments. Poole gave a written statement to law enforcement that he drove his two co-defendants to the apartment manager's office and drove them away after the robbery. Petitioner stated that "[t]hey got anywhere between $1000 to $1500." (Attach. 1 at 32-187).

In May 2010, Poole was indicted for armed robbery. He was represented at trial by attorney Tim Sullivan. Following a jury trial, he was convicted of armed robbery, and sentenced to twenty-five years imprisonment. Poole appealed his conviction and sentence raising one issue - whether the trial court erred by failing to declare a mistrial when trial counsel introduced improper character evidence. The South Carolina Court of Appeals found the issue was not preserved and affirmed Poole's conviction and sentence.

Poole then filed an application for post-conviction relief ("PCR") raising two issues: ineffective assistance of trial counsel and prosecutorial misconduct. Following a hearing. The PCR court denied Poole relief. Poole filed a writ of certiorari and raised the following issue:

whether trial counsel erred by failing to call a particular witness who would have corroborated Poole's defense. The South Carolina Supreme Court denied the petition. Poole then filed this action seeking federal habeas relief.

## II. Discussion

In this federal habeas action, Poole raises the following four grounds for relief:

**GROUND ONE**: The State Trial Court erred in not declaring a mistrial when counsel improperly elicited prejudicial character evidence.

**GROUND TWO:** Trial counsel erred in failing to call and present a witness during trial who would have presented favorable evidence.

**GROUND THREE:** Trial counsel was ineffective for failing to impeach a State's witness about an agreement received from the State.

**GROUND FOUR:** Prosecutorial Misconduct

The Magistrate Judge found that Grounds One, Three, and Four are procedurally barred and that the holding in *Martinez v. Ryan,* 132 S.Ct. 1309 (2012), would not excuse the procedural default. As for Ground Two, the Magistrate Judge found that the issue raised was without merit.

**Ground One**

In his Objections, Poole contends that the Magistrate Judge erred in finding Ground One was procedurally defaulted and that the holding in *Martinez* does not apply. First, he contends that in South Carolina review by the South Carolina Supreme Court is discretionary pursuant to *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002), and then he contends that, even if he procedurally defaulted this issue, *Martinez* applies to excuse any default.

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus

review. *McKennedy*, 559 S.E.2d 850; *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). Discretionary review by the South Carolina Supreme Court is considered "outside of South Carolina's ordinary appellate review procedure." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition. However, a habeas petitioner must present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed,* 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). And it is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal."). Thus, as the South Carolina Court of Appeals held, the issue Poole raises in Ground One was not preserved for any appellate review because it was not raised in the trial court.

Moreover, *Martinez* would not excuse the procedural default of the issue raised in Ground One. The holding in *Martinez* applies only to substantial claims of ineffective assistance of trial counsel that were not raised by PCR counsel in the initial review hearing. Poole's claim in Ground One alleges trial court error (i.e the trial court erred by failing to order a mistrial when trial counsel elicited character evidence). Even liberally construing the claim as one of ineffective assistance of counsel which was not raised at PCR, the court agrees with the Magistrate Judge that the issue was insubstantial.

To be entitled to relief on an ineffective assistance claim, the petitioner must show that (1)

4

trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). *Strickland* does not guarantee perfect representation, only a " 'reasonably competent attorney.' " *Id.* at 687 (quoting *McMann v. Richardson*, 397 U. S. 759, 770 (1970)). There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case. *Id.* at 690.

Further, insofar as trial strategy is concerned in an ineffective-assistance of counsel claim, the United States Supreme Court has stated, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689.  The Fourth Circuit Court of Appeals has also held that deference should be given to trial counsel's reasonable strategic decisions, particularly where there is no clear showing of prejudice to the petitioner from such strategy. *See Lovitt v. True*, 403 F.3d 171, 181 (4th Cir. 2005) (refusing to second guess trial counsel's "plausible strategic judgments."); Sexton v. French, 163 F.3d 874, 887 (4th Cir.1998) ("Obviously, this tactical decision made by . . . trial counsel cannot be second-guessed by this court . . . ."); *Fitzgerald v. Thompson*, 943 F.2d 463, 469 (4th Cir. 1991) (holding that "trial counsel made reasonable tactical decisions that should not now be second-guessed on collateral review.").Where trial counsel articulates a valid reason for employing certain trial strategy, such conduct should not be deemed ineffective assistance of counsel.

Poole contends trial counsel was ineffective for eliciting prejudicial character evidence.

5

However, trial counsel testified at the PCR hearing that the testimony was introduced in an attempt to impeach Poole's co-defendant, and thus was trial strategy. (ECF No. 16-1 at 233-34). Accordingly, the court agrees with the Magistrate Judge that this issue is procedurally barred.

**Ground Two**

In Ground Two, Poole contends that he was denied effective assistance of counsel because trial counsel failed to subpoena his cousin as an alibi witness who could have testified that Poole did not participate in or plan the robbery.

This issue was raised in his PCR proceeding. During the PCR hearing, Poole wanted his PCR counsel to move for a continuance so he could locate and notify his witnesses and conduct discovery. (ECF No. 16-1 at 217-18). Poole's PCR counsel, however, stated he was ready to proceed. *Id.* The PCR court ruled that they would go forward with the hearing, and she stated she would ask for supplementation of the record if she felt it was necessary. (ECF No. 16-1 at 218-19).

The PCR court held that the witness was not disclosed to trial counsel during trial and noted that Poole stated during the PCR hearing that he did not know the whereabouts of the witness. (ECF No. 16-1 at 243). The PCR court also noted that trial counsel testified that Poole's written confession effected trial strategy. *Id.* The PCR court concluded that Poole had not shown his trial counsel was ineffective for failing to investigate or call additional witnesses. (ECF No. 16-1 at 244). In her Report, the Magistrate Judge agreed with the PCR court's finding that the testimony of any additional witnesses would not have affected the outcome of the trial. (Report at 27).

In his objections, Poole contends that his PCR hearing was not "full and fair," and he appears to argue that his PCR counsel was deficient for failing to ensure he had a full and fair

hearing. (Objections at 7). Specifically, he argues that he should have been granted a continuance at the PCR hearing to allow him to locate the witness, but the PCR court denied his request for a continuance. (*Id*. at 6).

Poole does not address the PCR court's determination that any additional witnesses would not have effected the outcome of the trial. Moreover, as the Magistrate Judge noted, at the PCR hearing, Poole testified that this witness could not have testified that he was not a part of the robbery or was not in the car. In fact, Poole specifically testified that he was in the car, but he stated he did not know that a robbery was going to take place. (ECF No. 16-1 at 226). He testified that he wanted this witness to testify that Poole had not planned the robbery and that it was something that spontaneously happened. (ECF No. 16-1 at 225). Poole then acknowledged that all this witness could testify to was that Poole did not discuss the robbery in front of him. (ECF No. 16-1 at 226). Poole has not alleged that this witness would testify that Poole did not know that a robbery was going to take place. Thus, the PCR court did not err in finding that trial counsel was not ineffective. The decision of the state court was neither contrary to, nor an unreasonable application of, clearly established federal law under § 2254(d)(1). Therefore, this ground should be dismissed.

**Grounds Three and Four**

In Grounds Three and Four, Poole contends that trial counsel was ineffective for failing to impeach a State's witness about an agreement received from the State and there was prosecutorial misconduct. The Magistrate Judge found these grounds procedurally defaulted because, although raised in the PCR proceeding, these issues were not raised in Poole's PCR appeal. (Report at 27-28). Further, the Magistrate Judge determined that *Martinez* does not excuse this default. *Id.*

In his Objections, Poole contends that *Martinez* should be extended to PCR appellate

counsel.  (Objections at 7-8).  Poole contends that Rule 71.1(g) of the South Carolina Rules of Civil Procedure mandates the appointment and right to PCR appellate counsel and, therefore, the holding in *Martinez* should be extended to PCR appellate counsel.  (Objections at 8).

*Martinez,* however, does not extend to instances of ineffective PCR appellate counsel. *See Johnson v. Warden of Broad River Corr. Inst*., C/A No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (per curiam) (holding allegations of ineffective PCR appellate counsel do not fall under Martinez but instead "fall under the general . . . rule that ineffective assistance of postconviction counsel cannot constitute cause for procedural default"). Because Poole has no constitutional right to counsel in connection with an appeal from the denial of PCR, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. *Martinez*, 132 S.Ct. at 1320 (explaining that the limited exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial" and declining to extend the potential for demonstrating cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings."). Accordingly, the issues raised in Ground Three and Four are procedurally barred.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Therefore, the court adopts the Report and Recommendation (ECF No. 28).  Accordingly, Respondent's motion for summary judgment (ECF No. 17) is **GRANTED**; and the petition is **DENIED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating

that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                      s/Timothy M. Cain
                                                      United States District Judge

Anderson, South Carolina
January 17, 2017